UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>FRANKE CONSUMER PRODUCTS, INC. and Does 1 through 75,<br><br>　　　　　　　　Defendant. | Case No.: 11-05430-PSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**(Re: Docket No. 13)** |

Plaintiff United Services Automobile Association ("USAA") moves to remand the instant action to the Monterrey Superior Court. Defendant Franke Consumer Products, Inc. ("Franke") opposes USAA's motion. The court heard oral argument on January 24, 2012 and has considered the moving and responding papers. For the reasons set forth below, the motion for remand is GRANTED.

This action was originally filed in Superior Court of the State of California, County of Monterey. USAA is a reciprocal inter-insurance exchange and brings this action based on subrogation to the rights of its insured.[1] USAA alleges that Franke is liable for water damage sustained by USAA's insured and caused by the failure of Franke's manufactured component

---

[1] *See* Docket No. 19-1, Ex. A (McCartney Decl. ¶¶ 4-5).

parts.[2]  The complaint alleges harm based on theories of negligence, strict product liability, and breach of implied warranty.  The complaint requests relief in the form of actual, compensatory, incidental and other damages in the amount of $147,200, pre-judgment and post-judgment interest, costs, and any other relief the court deems proper.

On November 9, 2011, Franke filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  On December 8, 2011, USAA filed this motion to remand arguing a lack of diversity between the parties.

## I. LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441, provides in part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."[3]  District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.[4]  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded.[5]

Upon a motion to remand to state court, the party asserting federal jurisdiction has the burden of proof.  "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."[6]  "The strong

---

[2] *See* Docket No. 13-1, Ex. 1 (Compl. ¶ 4).

[3] 28 U.S.C. § 1441(a).

[4] *See* 28 U.S.C. § 1332.

[5] *See* 28 U.S.C. § 1447(c).

[6] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

2
Case No.: 11-05430-PSG
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."[7]

## II.   DISCUSSION

There is no dispute in this case regarding the sufficiency of the amount in controversy for establishing subject matter jurisdiction based on diversity. The dispute instead focuses on the citizenship of the parties. USAA contends that because it is an unincorporated association, its citizenship is based on the citizenship of each of its members, who reside in all 50 states. Because USAA thus has citizenship in all 50 states, USAA argues, there is no complete diversity and the case must be remanded to state court. Franke, a Delaware corporation having its principal place of business in Pennsylvania,[8] responds that while USAA may be an unincorporated association, its complaint indicates only citizenship in Texas, such that there is complete diversity between the parties.

Diversity in this matter turns on whether USAA can be considered an unincorporated association. In *Carden v. Arkoma Assocs.*, the Supreme Court distinguished the citizenship of a corporation from an unincorporated association, holding that an unincorporated association is a citizen of any state in which any member is a citizen.[9] Other courts have similarly determined that an unincorporated association's citizenship is based upon the citizenship of each of its members.[10]

---

[7] *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (quotation omitted).

[8] 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

[9] 494 U.S. 185, 197 (1990).

[10] *See e.g. Tuck v. USAA*, 859 F.2d 842, 845 (10th Cir. 1988) (holding that USAA's citizenship is dependent on the citizenship of each of its members); *Brown v. Farmer's Ins. Co.*, No. 0613693, 2007 WL 496669 (E.D. Mich. 2007) (determining the citizenship of a reciprocal inter-insurance exchange as an unincorporated association); *Ourso v. United Services Automobile Ass'n,*, No. 064354, 2007 WL 275902 (E.D.La. 2007) (holding USAA to be a reciprocal inter-insurance exchange with citizenship based on the citizenship of each of its members).

3
Case No.: 11-05430-PSG
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

In *Baer v. United Services Automobile Assoc.*, the court explicitly qualified reciprocal inter-insurance exchanges (such as USAA) as unincorporated associations that have citizenship wherever its members have citizenship.[11]  Although *Baer* certainly is not controlling, Franke does not offer any case law from this circuit that would require a different outcome.  Franke's opposition brief even refers to USAA as an "unincorporated association."

Consistent with the Second Circuit and the other appellate and district courts that have followed it, this court must conclude that USAA is a reciprocal inter-insurance exchange and thus an unincorporated association.  As an unincorporated association, Supreme Court case law directs that USAA's citizenship be based on the citizenship of each of its members.[12]  USAA has presented unrebutted evidence establishing that it has members in each of the 50 states, including Delaware and Pennsylvania.[13]  The parties therefore lack complete diversity.  The motion to remand is GRANTED.

**IT IS SO ORDERED.**

Dated: 2/2/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[11] 503 F.2d 393, 394 (2d Cir.1974).

[12] *Carden*, 494 U.S. at 197.

[13] *See* McCartney Decl. ¶ 6 (declaring that USAA has members in all 50 states); *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (holding that supporting affidavits or other evidence may be considered in support of a motion to remand).